UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR B., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, ESSEX COUNTY CORRECTIONAL FACILITY, <br><br> Respondent. | Civ. No. 18-11524 (KM) <br><br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Oscar B.,[1] is an immigration detainee held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted to the extent that he will be given a bond hearing.

## II. PROCEDURAL HISTORY

Petitioner, a native and citizen of Panama, entered the United States on a visa in January 2001.[2] He became a lawful permanent resident on October 27, 2003, and he is married to a U.S. citizen, with whom he has children. In March 2013, petitioner was convicted of importing 500 grams or more of cocaine under 21 U.S.C. §§ 952 and 960(b)(2)(B)(ii). Petitioner was sentenced to 108 months' imprisonment, though his sentence was subsequently reduced to 87 months.

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

[2] This is the time of entry noted in the petition and in the government's filings. In his reply brief, however, petitioner characterizes this date as "not entirely accurate," and states that he entered the country on a visa in December 1999. I need not resolve the discrepancy for the purposes of this opinion.

Upon his completion of this sentence, on November 20, 2017, the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") took petitioner into custody pursuant to 8 U.S.C. § 1226(c). Shortly thereafter, ICE commenced removal proceedings against petitioner, and he has remained in immigration custody since that time.

Petitioner explains that, in January 2018, he filed a motion in immigration court to terminate his removal proceedings, arguing that he should be considered a *de jure* U.S. citizen.[3] An immigration judge ("IJ") denied this motion on February 13, 2018, and petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). On May 22, 2018, the BIA remanded the case to the IJ "because the record did not clearly outline the basis of the IJ's decision." (DE 1 at 10.) In June 2018, the IJ again denied petitioner's motion to terminate the proceeding, issuing an opinion finding that petitioner had failed to prove he had a claim to citizenship, though petitioner notes that the IJ found that the immigration court lacked jurisdiction to review the initial denial of petitioner's naturalization petition. Petitioner indicates that he again appealed this decision and that, when he filed this habeas proceeding, his appeal remained pending.

Petitioner filed this petition for writ of habeas corpus, seeking an individualized bond hearing to justify his continued detention. (DE 1.) Petitioner does not dispute the initial basis for his detention, but he asserts that his detention has been unduly prolonged to the point of having become unconstitutional under the decisions of the Court of Appeals for the Third Circuit in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), *Leslie v. Attorney General of U.S.*, 678

---

[3] Specifically, petitioner recounts that he filed a naturalization application in July 2007. He explains that, while this application was pending, he was arrested on charges of assaulting his wife and risking injury to a child. Petitioner asserts that these charges were ultimately dismissed, and that, prior to their final dismissal, a naturalization examiner told him that, once he could show the charges were dismissed, his naturalization application would be approved. Despite this representation, petitioner's naturalization application was denied in July 2008. He alleges that the denial was based upon a misunderstanding of the disposition of his criminal charges. He states that he filed another naturalization application in March 2011, which was never decided.

2

F.3d 265 (3d Cir. 2012), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), among other cases. (*See* DE 1.)

I ordered the government to file an answer responding to the petition. (DE 2.) I also ordered the government to notify the Court within seven days of petitioner's release from custody, should that occur, "as well as any change in the basis for petitioner's immigration detention." (*Id.*)

The government filed an answer opposing the petition on behalf of respondent Charles Green, the warden of the Essex County Correctional Facility. (DE 12.) It argues that the Supreme Court's holding in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated the case law relied on by petitioner and further established that detention under § 1226(c) is mandatory until removal proceedings have concluded. (*Id.* at 4–7.) It urges that the Supreme Court upheld the facial constitutionality of § 1226(c), and it contends that as-applied challenges to that section are appropriate only in extraordinary cases. (*See id.* at 7–20.)

In his reply brief, petitioner argues that the relevant Third Circuit cases were not completely abrogated by *Jennings*. (*See* DE 9, at 5–9.) He contends that, even after *Jennings*, his prolonged detention without a bond hearing must be found unconstitutional. (*Id.* at 10–16.) Petitioner also urges that he is likely in the end to avoid removal. (*Id.* at 16–28.)

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over petitioner's

3

claims as he is detained within this district and alleges that his custody violates the Due Process Clause of Fifth Amendment.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings*, 138 S. Ct. at 846–47. Petitioner does not challenge the basis for his detention under § 1226(c). Instead, he contends that his detention has been unduly prolonged. He cites Third Circuit cases such as *Diop*, *Leslie*, and *Chavez-Alvarez*, which held that detention without a bond hearing can, after a certain period, become unconstitutional.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held § 1226(c) to be constitutional on its face. It did so, however, on the assumption that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.") In *Diop*, the Third Circuit applied the canon of constitutional avoidance and held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Diop*, 656 F.3d at 231–35. Thus, it found that the statute contains an implicit requirement that detained persons, at some point, receive bond hearings to warrant ongoing detention. The point at which a bond hearing would be required, however, would depend on all the facts of the case. In *Chavez-Alvarez* the Third Circuit confirmed that there is no set point at which detention under § 1226(c) crosses the permissible line, but announced a rule of thumb that detention would become constitutionally suspect at some point between 6 and 12 months.[4] *See Chavez-Alvarez*, 783 F.3d at 473–78.

---

[4] The *Chavez-Alvarez* Court reasoned that, at least where the government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [suggested by *Demore*], and certainly by the time [the petitioner] has been detained for one year, the burdens to [the petitioner's]

4

In *Jennings*, however, the Supreme Court abrogated the direct holdings of *Diop* and *Chavez-Alvarez*, as a matter of statutory interpretation. Specifically, the *Jennings* Court held that § 1226(c) does not require bond hearings to justify ongoing detention, and that the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at 842, 846–47. The government acknowledges, however, that the *Jennings* Court did not directly analyze the constitutionality of particular detentions under § 1226(c).

Putting these holdings together, I agree with the analysis of Judge Wigenton that one challenge to a § 1226(c) detention still remains available: "an individualized as applied constitutional challenge to the statute." *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018) (citing *Jennings*, 138 S. Ct. at 851–52). To put it another way, for a petitioner in this situation, "*Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner."[5] *Id.* at 502.

The post-*Jennings* as-applied analysis, as it turns out, is very similar to the former analysis under *Diop*. Whether detention under § 1226(c) is constitutional continues to be "a function of the length of the detention," whereby "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c), in an individual case, may become "so unreasonable as to amount to

---

liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

[5] I have abbreviated the reasoning of Judge Wigenton's opinion, with which I agree. In dictum, while discussing a detention under a different section, § 1226(a), the Third Circuit recently noted that "*Jennings* did not call into question the *constitutional* holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (emphasis added); *see also Dryden*, 321 F. Supp. 3d at 502.

5

an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Judges in this district have previously found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention. *See, e.g., Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

Here, petitioner has been detained under § 1226(c) for over 16 months (or so I am entitled to assume).[6] The government points to adjournments that were granted at petitioner's request and to petitioner's appeals of decisions by the IJ, but there is no allegation or indication that petitioner sought these adjournments or pursued his appeals in bad faith or for the purposes of delay. I am wary, moreover, of making any ruling that would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie*, 678 F.3d at 270–71 (internal quotation marks omitted).

For the petitioner's continued detention, the government cites the following justifications: "in order to assure his attendance at removal proceedings, to protect the community against any more crimes committed by him, and, if necessary, to assure his removal from the United States." (DE 12 at 20.) These justifications, however valid at the outset, must be scrutinized in light of the

---

[6] The government has been ordered to notify the Court of any change in petitioner's detention status (e.g., release, removal, or transition to detention under another statutory provision), (DE 2), but has not filed any such notification. I therefore proceed under the assumption that petitioner remains in detention under § 1226(c).

petitioner's detention for a period well in excess of the presumptive 12 months. As of now, the petitioner has been detained under § 1226(c) for over 16 months *without* any individualized determination as to whether he in fact poses a flight risk or any danger to the community.

Given these circumstances and the length of petitioner's detention, I conclude that continuing the detention without at least a bond hearing would exceed the bounds of due process under the Fifth Amendment; it would constitute an unconstitutional application of § 1226(c) in the circumstances of this particular case. Accordingly, I will order the government to provide petitioner, assuming he remains in detention under § 1226(c), with a bond hearing within 21 days.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be granted insofar as I will order that petitioner, if he remains in detention under § 1226(c), receive a bond hearing within 21 days. An appropriate order follows.

DATED: April 10, 2019

KEVIN MCNULTY
United States District Judge